PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RALPH BINDER, | ) CASE NO. 4:11-cv-02621 |
| Plaintiff, | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| TRINITY OG LAND DEVELOPMENT AND EXPLORATION, LLC, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 25] |

Before the Court is Defendants Trinity OG Land Development and Exploration, LLC and Matthew Laine and Suzanne Laine's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. EFC No. 25. Defendants filed a motion for judgment on the pleadings (EFC No. 25) to which Binder responded in opposition (EFC No. 27), the Defendants replied (EFC No. 28), and Binder filed a sur-reply (EFC No. 32). The motion for judgment on the pleadings is ripe for consideration.

For the reasons provided below, the Court grants Defendants Trinity OG Land Development and Exploration, LLC and Matthew Laine and Suzanne Laine's motion for judgment on the pleadings and dismisses the Complaint in its entirety.

### I. Factual and Procedural Background

Plaintiff Ralph Binder ("Binder") filed a lawsuit against Defendants Trinity OG Land Development and Exploration, LLC ("Trinity") and Matthew Laine and Suzanne Laine (collectively "Defendants") alleging that Trinity entered into an oral agreement with Binder, in which Binder agreed to identify landowners to Trinity with whom Trinity could negotiate to

obtain mineral rights. EFC No. 23 at 2, ¶ 10. Binder alleges that, in consideration, Trinity agreed to pay Binder from $50.00 to $200.00 per acre for all land identified to Trinity, by Binder, for which Trinity obtained mineral rights. *Id.* Binder alleges that the amount to be paid was no less than $50.00 per acre and would be adjusted upward depending upon on the price Trinity paid for the mineral rights and the price it obtained upon the sale of such rights. EFC No. 23 at 3, ¶ 11. Binder alleges that, based upon his reliance on the agreement, Binder identified no fewer than 10,000 acres of land to Trinity for which Trinity obtained mineral rights. EFC No. 23 at 3, ¶ 12. Based upon the terms of the agreement, Binder alleges that he is entitled to compensation from Trinity in the amount of at least $500,000. EFC No. 23 at 3, ¶ 13. Binder acknowledges receiving a check from Trinity, on or about June 3, 2011, in the amount of $22,012.94. EFC No. 23 at 3, ¶ 14. However, Binder has declined to cash the check since, he alleges, it contains a restrictive endorsement stating "Full & Final Referral Fee All OH/PA Acre" that is intended to induce Binder to forfeit certain rights of his under the alleged agreement between himself and Trinity. EFC No. 23 at 3, ¶¶ 15-17.

Defendants allege that Binder's claims fail as a matter of law since Ohio law does not permit a real-estate broker to seek compensation for referring interests in real estate unless the broker is licensed at the time the referrals took place. EFC No. 25 at 1. Since Binder has not claimed that he held a real-estate license at the time of the referrals, Defendants allege that all of Binder's claims are barred. EFC No. 25 at 1. Binder alleges that he was not acting as a real-estate broker, but instead in a role similar to that of a "finder" in corporate acquisitions, and therefore he was not required to hold a real-estate license at the time of the referrals. EFC No. 27 at 1-3. Defendants respond that Binder's actions fall within the broad statutory definition of a

(4:11-CV-2621)

"real-estate broker" under Ohio Rev. Code § 4735.01(A)(7). EFC No. 28 at 2-3. Binder alleges that "a genuine issue of material fact" exists as to whether his actions fall under the definition of a real-estate broker under Ohio Rev. Code § 4735.01, and thus, Defendant is not entitled to judgment on the pleadings. EFC No. 32 at 2.

## II. Legal Standard

After the pleadings are closed but within such time as not to delay the trial, either party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.[1] *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir.2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-plead allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Twombly*, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 U.S. at 1950 (citing Fed.R.Civ.P. 8(a)(2)). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*.

3

(4:11-CV-2621)

party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. (quoting *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir.2007)).

### III. Analysis

According to the Ohio Revised Code:

> No right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation for the performance of the acts mentioned in section 4735.01 of the Revised Code, without alleging and proving that such person, partnership, association, or corporation was licensed as a real estate broker or foreign real estate dealer.

Ohio Rev. Code § 4735.21 (2011). As highlighted by the Defendants, § 4735.21 has been "strictly enforced against persons who, although not licensed by Ohio, have sought to recover brokerage commissions through litigation in Ohio." *Landmark Commercial Realty, Inc. v. Developers Diversified, Ltd.*, 163 F.3d 389, 391 (6th Cir. 1998). In addition, the courts of this state "have consistently held that an unlicensed broker cannot avoid the statute's reach by asserting equitable causes of action sounding in promissory estoppel, *quantum meruit*, or the like." *Id*. All four of Binder's claims are premised upon Defendants' alleged failure to fully compensate him for identifying owners of land with whom Defendants could negotiate for the purchase of mineral rights. EFC No. 23. As such, Binder's ability to recover for breach of contract, unjust enrichment, fraud, and negligent misrepresentation depend upon whether his actions constituted those of a real estate broker under Ohio Rev. Code § 4735.01 and, thus,

4

(4:11-CV-2621)

whether his failure to hold a real estate license during the time of the referrals bars his claims for compensation.

Binder alleges that he was not acting as a real estate broker during his dealings with the Defendants and, therefore, he was not required to hold a real estate license during that time. EFC No. 27 at 1. Binder claims that he did not "assist or direct in the procuring of prospects" but rather "merely identified parcels of land that might result in Trinity's acquisition of mineral leases." EFC No. 27 at 3. Binder claims that his role was not that of a real estate broker, but instead similar to that of "a 'finder' in corporate acquisitions." *Id*. In distinguishing a "finder" from a "broker," Binder cites *Legros v. Tarr*, 540 N.E.2d 257 (Ohio 1989). As mentioned by the Defendants, however, *Legros* involved the acquisition of business entities, not real-estate transactions. This distinction has been pointed out by the Ohio Court of Appeals. *See Lefta, Inc. v. The Peck Co.*, 1991 Ohio App. LEXIS 6236, *7 (Ohio Ct. App.1991) (not designated for publication) (noting that "*Legros* dealt with misappropriation of information in the acquisition of a business, and did not involve considerations of Chapter 4735."). Therefore, Binder's argument that his actions constituted those of a finder, rather than a broker in real estate, are unsupported by legal authority.

Even if Binder had presented controlling case law that distinguished the roles of a finder and a broker in real estate transactions, the actions that Binder alleges in his second amended complaint squarely fall within the broad definition of a real estate broker under Ohio Rev. Code § 4735.01. The Ohio Revised Code defines a "[r]eal estate broker" as including any person "who for another" and "who for a fee, commission . . . or upon the promise of receiving or collecting a

5

(4:11-CV-2621)

fee, commission, or other valuable consideration" performs a specified function. Ohio Rev. Code § 4735.01(A) (2011). One of these specified functions is directing or assisting "in the procuring of prospects or the negotiation of any transaction . . . which does or is calculated to result in the sale, exchange, leasing, or renting of any real estate." *Id.* at § 4735.01(A)(7). Under Ohio law, "[r]eal estate includes leaseholds as well as any and every interest or estate in land situated in this state, whether corporeal or incorporeal, whether freehold or nonfreehold." *Id.* at § 4735.01(B). Real estate, under Ohio law, has been held to include mineral rights, specifically "rights to coal, oil and gas." Colucy v. D & H Coal Co., 1961 Ohio Misc. LEXIS 261, *2 (Ohio Ct. Of Common Pleas 1961).

      The actions that Binder admits to in his second amended complaint illustrate that his interactions with the Defendants fall under the statutory definition of a real-estate broker *via* § 4735.01(A)(7). In that complaint, Binder alleges that Trinity approached Binder and requested that he "assist its efforts to acquire mineral rights leases for land in Northeastern Ohio." EFC No. 23 at 2, ¶ 8. Binder's complaint further states that the parties "entered into an oral agreement whereby Binder agreed to identify landowners to Trinity with whom it could negotiate to obtain mineral rights." EFC No. 23 at 2, ¶ 10. Based upon this agreement, Binder alleges that he "identified no fewer than 10,000 acres of land to Trinity for which it obtained mineral rights." EFC No. 23 at 3, ¶ 12. Binder's actions--identifying landowners and parcels of land to Trinity, with the expectation that Trinity would pursue negotiations to obtain mineral rights--constitutes assisting "in the procuring of prospects or the negotiation of any transaction . . . [which] is calculated to result in the sale, exchange, leasing, or renting of any real estate." Ohio Rev. Code

(4:11-CV-2621)

§ 4735.01(A)(7). In the real estate business, the term "procuring" implies "an agency relationship between the seller and the broker with the purpose of effecting a *juncture* between buyers and sellers of real property with an ultimate pecuniary award to the broker for his part in bringing the parties together." *State v. Rentex, Inc.*, 51 Ohio App. 2d 57, 60-61 (Ohio Ct. App.1977) (emphasis added).

Binder's agreement to identify potential sellers of mineral rights, in exchange for a commission based upon the purchase price and later resale value of such mineral rights, effected a *juncture* between Trinity and the landowners of such real estate. Therefore, under Ohio Rev. Code § 4735.01(A)(7), Binder assisted in the procuring of prospects or negotiation of transactions designed to result in the sale or lease of real estate. Because Binder did not hold a valid real estate license at the time of the referrals, he is barred from obtaining compensation for his efforts under Ohio Rev. Code § 4735.21.

## IV. Conclusion

For the reasons stated above, the Court grants Defendant's motion for judgment on the pleadings on all counts and dismisses the Complaint in its entirety.

IT IS SO ORDERED.

May 31, 2012
Date

Benita Y. Pearson
United States District Judge

7